**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1834-17T1

IN THE MATTER OF THE
ESTATE OF KATHRYN PARKER
BLAIR, Deceased.

_____

Submitted December 18, 2018 – Decided January 16, 2019

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. P-000300-13.

Lori Ann Parker, appellant pro se.

Frank T. Luciano, attorney for respondents Harry Parker, Jr., and the Estate of Kathryn Parker Blair.

PER CURIAM

Pro se petitioner Lori Ann Parker appeals for the third time in this case involving the Estate of Kathryn Parker Blair (the Estate). On petitioner's first appeal, we affirmed the trial court's grant of summary judgment to the Estate, and found "insufficient merit in the arguments petitioner raise[d] to warrant

further discussion in a written opinion. R. 2:11-3(e)(1)(E)." In re Estate of Blair, No. A-5482-13 (App. Div. February 1, 2016) (Blair I) (slip op. at 8). On petitioner's second appeal, we found petitioner's substantive claims meritless, but we vacated a $750 sanction the trial court assessed against petitioner for frivolous litigation, based upon a defective supporting certification. In re Estate of Blair, No. A-0100-15 (App. Div. February 22, 2017) (Blair II), (slip op. at 12-13). After the Supreme Court denied certification in Blair II, petitioner filed the motion under review, which she labeled a "request to reopen." The trial court issued a written opinion denying plaintiff's motion. We affirm.

We summarize the salient facts set forth in our previous written opinions, Blair I and Blair II. On June 25, 1987, decedent executed a will that provided her estate would pass equally to her siblings but, if a sibling should predecease her, that sibling's share would pass to his or her surviving children. Petitioner's father, one of decedent's siblings, died in 2002. On October 11, 2012, decedent executed a new will, which did not name petitioner as a beneficiary. Two days later, decedent, then eighty years of age, died of cancer.

On October 24, 2012, the new will was probated. On July 17, 2013, petitioner filed a verified complaint seeking to have the executor, who is one of decedent's siblings, show cause why the probate of the new will should not be

vacated. In the alternative, petitioner sought a declaration that, among other things, the probated will was the product of undue influence and decedent lacked the testamentary capacity to execute the will; as a result, the will should be set aside. The court denied the order to show cause, and discovery ensued on the remaining relief sought in the verified complaint.

Petitioner and the Estate filed cross-motions for summary judgment. On April 29, 2014, the court denied petitioner's motion, granted the Estate's cross-motion for summary judgment, and dismissed the complaint. In her motion, petitioner had asserted decedent lacked the mental capacity to sign the new will because, at that time, she was dying from cancer, in chronic pain, and on pain medication. The court found petitioner failed to set forth any evidence to support a claim of testamentary incapacity, noting she failed to produce an expert's report to support the premise that either decedent's illness, the pain she was experiencing, or the effects of the pain medication affected decedent's cognition. Further, the Estate came forward with evidence decedent had the mental capacity to sign the will. One of decedent's close friends certified she visited decedent in the hospital on an almost daily basis after decedent was diagnosed with cancer in August 2012, and she found decedent to be stable, strong willed, focused, and rational – including at the moment she signed the

new will.  Another friend certified decedent was his "best friend;" in fact they spoke daily during their twelve-year friendship before decedent's death.  He stated that long before her death, decedent told him of her intentions to disinherit some of her nieces and nephews.  He characterized her as a highly intelligent, practical, strong-willed, focused, and "no-nonsense" person.  In September 2012, he visited decedent daily and observed that, although enervated due to her illness, she still demonstrated these same attributes.

In granting summary judgment to the Estate, the court also noted that neither one of the friends stood to gain anything under the new will.    Finding that petitioner failed to present any competent evidence that decedent lacked the requisite testamentary capacity to execute the new will, the court dismissed this claim.  The court also found no evidence in support of petitioner's contention that the executor under the new will exerted undue influence over decedent to induce her to sign the new will.  The court first found no competent evidence of a confidential relationship between the executor and decedent, and then characterized petitioner's claim of suspicious circumstances as nothing more than "non-corroborated conjecture."    Petitioner filed a motion for reconsideration, arguing that the Estate's cross-motion was limited to an

4

argument that petitioner's complaint was time-barred. The trial court denied the motion, finding petitioner's substantive claims were meritless.

In Blair I, petitioner challenged the trial court's findings at the summary judgment and motion for reconsideration stages, as well as the court's refusal to remove the executor from his position. We affirmed the trial court's holdings, and found "insufficient merit in the arguments petitioner raise[d] to warrant further discussion in a written opinion." Id. (slip op. at 8). (citing R. 2:11-3(e)(1)(E)).

While Blair I was pending, however, petitioner filed a Rule 4:50-1 motion to vacate the orders on appeal, asserting she discovered "new evidence" in the form of alleged misconduct in the Surrogate's Office regarding various filings, warranting relief from the April 29, 2014 dismissal order. On June 12, 2015, the Estate filed a cross-motion, seeking 1) to bar petitioner from filing any further pleadings in the case and 2) to impose financial sanctions against petitioner for frivolous litigation. On July 10, 2015, the trial court denied petitioner's motion to vacate, finding no basis for such relief. As to the Estate's cross-motion, the court ordered that the application to bar petitioner's future filings must be directed to the Assignment Judge. The court also entered an order requiring petitioner to pay $750 in attorney's fees and costs to the Estate,

pursuant to Rule 1:4-8(b).  Petitioner appealed from these determinations in

Blair II.  After filing the notice of appeal, however, petitioner also filed a motion

to settle the record in the Probate Part, alleging irregularities and mishandling

of evidence by the "Surrogate's Court."  The trial court denied this motion,

rejecting petitioner's attempt to rely on arguments that were "already considered

but rejected" by the court, and to "raise the same unsubstantiated allegations" to

reargue her motion.  Petitioner again filed a notice of appeal, which she later

dismissed.

In Blair II, this court found that while there was "evidence in the record

supporting an award of sanctions," the Estate's motion "was not supported by a

Rule 1:4-8(B)(1) certification that included a valid certification in lieu of oath,

[and therefore] the trial court mistakenly exercised its discretion in awarding

any fees to" the Estate.  Id. (slip op. at 10-13).  The issue was that the Estate's

counsel's certification in lieu of oath stated, "I certify that the statements made

by me are true.  If any of the foregoing statements made by my [sic] are willfully

false, I may be subject to punishment," (slip op. at 13) (emphasis added), while

Rule 1:4-4(b) requires the statement to say, "I am subject to punishment."[1]

_____

[1]  In the instant appeal, petitioner points out that the same mistake was made by
the Estate's attorney in all of the Estate's certifications during the case's initial

However, we affirmed the trial court's denial of petitioner's motion to vacate the trial court orders that were challenged on appeal. Petitioner argued that the new alleged evidence "involved 'a confirmed docket sheet received by the surrogate . . . which proved someone in the surrogate office had misled the trial court[,]' as well as a statement by the [Estate]'s attorney that 'missing medical records at issue had been . . . stolen from the courthouse.'" Id. (slip op. at 6). We found that petitioner made no other arguments to reverse the trial court's order, nor did she provide any of the alleged evidence in the record. Ibid. In concluding, we wrote:

> Petitioner's claims are meritless. First, petitioner fails to meet any of the three requirements necessary to obtain relief under Rule 4:50-1(b). See DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 264 (2009). Second, her new evidence consists solely of written and oral claims, unsupported by corroborating documentation. Additionally, her claims are generalized and non-specific. We therefore affirm the trial court's order denying petitioner's motion to vacate its April 29, 2014 and June 25, 2014 orders.
>
> [Ibid.]

---

summary judgment phase. After petitioner filed the instant motion to reopen the case, which made mention of this issue, the Estate's counsel resubmitted corrected versions of all of the certifications, which contained identical factual content.

After petitioner's certification to the Supreme Court was denied, she filed the application under review, which she labeled a "request to reopen." Specifically, petitioner wrote that she was

> requesting the [c]ourt to reopen the judgments of April 29, 2014, and July 10, 2015, and to modify the judgment of April 29, 2014, in light of the failure to deliver the petitioner's original, filed documents to the trial court, and in light of the appellate court's ruling regarding the invalidity of the type of [Rule] 1:4-4(b) certifications used by [the Estate].

On October 21, 2017, the trial court denied petitioner's motion. The judge found that petitioner's request was, in essence, for "the court to (1) reconsider the subject orders [of April 29, 2014 and July 10, 2015], (2) vacate the orders, and (3) modify the April 29 order to grant her summary judgment. These three stages are governed by, respectively, Rules 4:49-2, 4:50-1, and 4:46-2."

In his written opinion, the trial judge first found petitioner's arguments fell significantly short of the standards for reconsideration under Rule 4:49-2. Citing to D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990), he stated, "There is not any allegation, let alone any evidence, that the court decided the motions, 'based upon a palpably incorrect or irrational basis' or that the court 'either did not consider, or failed to appreciate the significance of probative, competent evidence.'" Specifically, the judge found that petitioner's "new

evidence" complaint, stating "that the court did not receive some of her materials in time to consider them," was "hardly new at all: [petitioner] raised it in April 2014 for the parties' summary judgment cross-motions and simply claims that it was not delivered in time for those motions." Even if this were true, the judge reasoned, petitioner nevertheless "had three years (and two visits to the Appellate Division) to make her case" and "[a]t no time in this lengthy process has any court held in her favor on this argument to whatever extent she has raised it." As to petitioner's arguments regarding the Estate's defective certifications, the judge reasoned that since "the Estate has provided properly certified versions with identical factual content, there should be no further dispute about whether the court was correct to rely on those identical facts when it decided the April 2015 cross-motions." Moreover, the judge noted that this motion for reconsideration was filed years after the April 2014 and July 2015 orders, therefore she did not meet the twenty day filing deadline imposed by Rule 4:49-2. The judge then denied petitioner's motions to vacate the orders and modify the April 29 order to grant her summary judgment, assuming arguendo that petitioner submitted a meritorious motion for reconsideration.

On appeal, petitioner argues:

9

<u>Point 1</u>

The trial court erred in dismissing the plaintiff's motion to reopen and requests therein, and in denying it.

a) The trial court erred in not allowing the plaintiff to respond to the defendants' reply on the motion to reopen.

b) The trial court erred in not having a hearing on the new evidence.

c) The trial court erred in allowing the defendants to correct their certifications after [three and a half] years, and accepting them as evidence to sustain the grant of their motion for summary judgment based upon them.

d) The trial court erred in stating courts had considered the new evidence when it was not even entered into the judicial record until April 27, 2015.

e) The trial court erred in not addressing the plaintiff's request for alternate relief.

f) When a cross-motion for summary judgment does not allow the respondent to have the same time to respond as a motion for summary judgment, it violates due process and equal protection of the laws (unconstitutional).

Granting a motion for reconsideration is a matter that is within the sound discretion of the court. <u>Cummings v. Bahr</u>, 295 N.J. Super. 374, 384 (App. Div. 1996). This discretion should only be exercised when required in the interest of

10

justice. <u>Id.</u> at 384. Generally, a motion for reconsideration requires the movant to "state with specificity the basis on which [the motion] is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or to which it has erred." <u>R.</u> 4:49-2. The rule applies when "the court failed to consider evidence or there is good reason for it to reconsider new information." Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 2 on <u>R.</u> 4:49-2 (2019) (citing <u>Cummings</u>, 295 N.J. Super. at 384-85).

> Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence. Said another way, a litigant must initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process.
>
> [<u>D'Atria</u>, 242 N.J. Super. at 401.]

Further, a litigant may bring new, previously unavailable evidence to the court's attention. <u>Ibid.</u> ("[I]f a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application, the [c]ourt should, in the interest of justice (and in the exercise of sound discretion), consider the evidence.").

Here, we find insufficient merit in the arguments petitioner raises to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). After carefully reviewing the record and the applicable legal principles, we affirm the order under review substantially for the reasons set forth in Judge Menelaos W. Toskos' written opinion dated October 31, 2017.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1834-17T1